**IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KHALID JAFAR | : |
| | : |
| v. | :     NO.: CA 02-3457 |
| | : |
| EMPIRE FIRE & MARINE INSURANCE | : |
| COMPANY | : |

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT EMPIRE FIRE & MARINE INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT

1. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of plaintiff's complaint.

2. Admitted.

3. Admitted in part/denied in part. It is admitted that answering defendant had issued a commercial auto policy of insurance to plaintiff under policy no. CL766415. However, it is denied that plaintiff was an insured on June 18, 2001 since the policy of insurance was cancelled prior to June 18, 2001. By way of further response, answering defendant incorporates its affirmative defenses as well as its counterclaim.

4. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of plaintiff's complaint.

5. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of plaintiff's complaint.

6. Denied. This is a conclusion of law to which no further response is necessary. By way of further response, it is denied that the contract of insurance at issue was in full force and effect as of June 18, 2001. By way of still further response, it is denied that the policy in question was not cancelled by the defendant prior to the accident. By way of still further response, to the contrary, plaintiff had given a power of attorney to First Insurance Funding Corporation (hereinafter "First Insurance") as part of a Premium Finance Agreement and First Insurance, acting on behalf of the plaintiff, requested the defendant to cancel the policy. By way of still further response, answering defendant incorporates its new matter and counterclaim.

7. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of plaintiff's complaint.

8. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of plaintiff's complaint.

9. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of plaintiff's complaint.

10. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of plaintiff's complaint.

11. Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within the corresponding paragraph of plaintiff's complaint.

12. Denied. This is a conclusion of law to which no further response is necessary. By way of further response, it is denied that the damage to the truck and the loss of income to the plaintiff are items of protection and coverage under the policy of insurance at issue since the policy of insurance was cancelled prior to June 18, 2001. By way of still further response, the corresponding paragraph of plaintiff's complaint refers to a document which speaks for itself.

13. Denied. This is a conclusion of law to which no further response is necessary. By way of further response, it is denied that plaintiff is entitled to any benefits under the policy of insurance issued by the defendant.

## FIRST AFFIRMATIVE DEFENSE

14. Empire Fire & Marine Insurance Company (hereinafter "Empire Fire") issued a new commercial auto-truckers policy of insurance to Khalid Jafar (hereinafter "plaintiff" or "Mr. Jafar") with a policy period running from August 24, 2000 through August 24, 2001.

15. At the time that Empire Fire issued its policy of insurance, plaintiff financed the premium for the policy through First Insurance. A true and correct copy of the commercial Premium Finance Agreement is attached hereto as Exhibit "A".

16. Under the Premium Finance Agreement, First Insurance was entitled to request cancellation of the policy issued to the plaintiff by the defendant due to non-payment to First Insurance by the plaintiff.

17. On September 6, 2000, First Insurance notified Empire Fire that the premium had been financed through First Insurance and that the aforesaid Agreement contained a power of

attorney which, in the "event of default on the Agreement, grants to First the insured's right to cancel the Financed Policy. This power of attorney also grants to First the authority to execute and deliver on behalf of the insured any documents, forms, or notices relating to the Financed Policy." A true and correct copy of the aforesaid document is attached as Exhibit "B".

18. In particular, the aforesaid Premium Finance Agreement provides as follows, in pertinent part:

> If the insured does not make a payment when it is due. . .First may cancel the policies. . . .This right given by Insured to First constitutes a 'power of attorney.'

19. Due to the failure of plaintiff to properly make payment to his insurance premium finance account to First Insurance, First Insurance issued a notice of intent to cancel insurance coverage. A true and correct copy of the aforesaid notice is attached hereto as Exhibit "C".

20. Due to the failure of plaintiff to properly make payment to First Insurance, First Insurance thereafter requested Empire Fire to cancel the policy of insurance effective June 15, 2001. A true and correct copy of the aforesaid notice of cancellation is attached hereto as Exhibit "D".

21. The aforesaid cancellation notice states that the Premium Finance Agreement "granted to First Insurance. . .a power of attorney to issue this notice and assigned to First Gross Unearned Premium on the Policy."

22. The aforesaid policy of insurance contains endorsement IL0017(11/98) which provides, as follows, with respect to cancellation:

> 1. The First Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advanced written notice of cancellation.
> . . .

    4.    Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

    5.    If this policy is cancelled, we will send the First Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the First Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

    6.    If notice is mailed, proof of mailing will be sufficient proof of notice.

A true and correct copy of endorsement IL0017 is attached hereto as Exhibit "E".

23. First Insurance, with its power of attorney, took over the legal position of Mr. Jafar and cancelled the policy of insurance in accordance with endorsement IL0017 as well as in accordance with the Premium Finance Agreement.

24. Since the policy of insurance at issue was not in effect at the time of the accident in question, the aforesaid policy of insurance does not have any applicability.

25. Since the cancellation of the policy of insurance was done properly, no coverage is owed by Empire Fire.

## SECOND AFFIRMATIVE DEFENSE

26. In accordance with the request for cancellation, the defendant issued a return premium of $1,406, which money was sent to First Insurance in accordance with the aforesaid Premium Finance Agreement.

27. Since the premium has been refunded, no coverage existed at the time of the accident.

## THIRD AFFIRMATIVE DEFENSE

28. Since the policy of insurance was not in effect at the time of the accident, defendant owes no coverage to the plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

29.     Plaintiff's claim may be barred and/or limited by policy conditions, exclusions or policy language based upon facts which may become known during the course of discovery.

## FIFTH AFFIRMATIVE DEFENSE

30.     Answering defendant reserves the right to amend and supplement its affirmative defenses upon discovery if further information is found regarding the claims of plaintiff.

WHEREFORE, answering defendant requests this Court to dismiss plaintiff's complaint.

## COUNTERCLAIM

31.     Empire Fire & Marine Insurance Company (hereinafter "Empire Fire") issued a new commercial auto-truckers policy of insurance to Khalid Jafar (hereinafter "plaintiff" or "Mr. Jafar") with a policy period running from August 24, 2000 through August 24, 2001.

32.     At the time that Empire Fire issued its policy of insurance, plaintiff financed the premium for the policy through First Insurance.

33.     Under the Premium Finance Agreement, First Insurance was entitled to request cancellation of the policy due to non-payment.

34.    On September 6, 2000, First Insurance notified Empire Fire that the premium had been financed through First Insurance and that the aforesaid Agreement contained a power of attorney which, in the "event of default on the Agreement, grants to First the insured's right to cancel the Financed Policy.  This power of attorney also grants to First the authority to execute and deliver on behalf of the insured any documents, forms, or notices relating to the Financed Policy."

35.     In particular, the aforesaid Premium Finance Agreement provides as follows, in pertinent part:

-6-

> If the insured does not make a payment when it is due. . .First may cancel the policies. . . .This right given by Insured to First constitutes a 'power of attorney.'

36. Due to the failure of plaintiff to properly make payment to his insurance premium finance account to First Insurance, First Insurance issued a notice of intent to cancel insurance coverage.

37. Due to the failure of plaintiff to properly make payment to First Insurance, First Insurance thereafter requested Empire Fire to cancel the policy of insurance effective June 15, 2001.

38. The aforesaid cancellation notice states that the Premium Finance Agreement "granted to First Insurance. . .a power of attorney to issue this notice and assigned to First Gross Unearned Premium on the Policy."

39. The aforesaid policy of insurance contains endorsement IL0017(11/98) which provides, as follows, with respect to cancellation:

> 1. The First Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advanced written notice of cancellation.
>
> . . .
>
> 4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.
>
> 5. If this policy is cancelled, we will send the First Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the First Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.
>
> 6. If notice is mailed, proof of mailing will be sufficient proof of notice.

40. First Insurance, with its power of attorney, took over the legal position of Mr. Jafar and cancelled the policy of insurance in accordance with endorsement IL0017 as well as in accordance with the Premium Finance Agreement.

41. Since the policy of insurance at issue was not in effect at the time of any accident in question, the aforesaid policy of insurance does not have any applicability.

42. Since the cancellation of the policy of insurance was done properly, no coverage is owed by Empire Fire.

43. Plaintiff has made a claim for property damage to the vehicle in question, as well as a claim for wage loss, and a claim for uninsured motorist benefits, all of which exceed $150,000.

44. None of the aforesaid claims are covered under defendant's policy of insurance since the policy of insurance was properly cancelled prior to the accident date.

WHEREFORE, defendant, by and through its counsel, requests this Court to enter judgment in its favor and declare that the policy of insurance was properly cancelled.

                Respectfully submitted,

                POST & SCHELL, P.C.

                ALLAN C. MOLOTSKY, ESQUIRE
                Attorney for Defendant

DATE:   June 6, 2002