O'Malley, Harris, Durkin & Perry, P.C.
By: Richard K. Hodges, Esquire
Attorney I.D. No.: 34869
345 Wyoming Avenue
Scranton, PA 18503
(570) 348-3711

Attorneys for Defendant,
B.I.A. Insurance

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALID JAFAR, | : | NO. 02-3457 |
| Plaintiff | : | |
| vs. | : | |
| EMPIRE FIRE AND MARINE INSURANCE CO., B.I.A. INSURANCE, and FIRST FUNDING CORPORATION, | : | (Judge Gardner) |

**DEFENDANT'S, B.I.A. INSURANCE'S,
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

NOW comes Defendant, B.I.A. Insurance, by and through its counsel, O'Malley, Harris, Durkin & Perry, P.C., and responds to Plaintiff's Amended Complaint as follows:

1-2. Admitted.

3. Denied as stated. It is specifically denied Answering Defendant is a corporation. To the contrary, Answering Defendant is a sole proprietorship of Lee Bicknell d/b/a B.I.A. Insurance. The remaining allegations of this paragraph are denied inasmuch as, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to determine the truth or falsity thereof and these allegations constitute legal conclusions to which no responsive pleading is required. By way of further denial, it is specifically denied that the amount in controversy exceeds the jurisdictional amount required by federal statute giving this Court subject matter jurisdiction over diversity cases, and Answering Defendant incorporates herein by reference

each and every affirmative defense appearing <u>infra</u>.

4. Denied as stated. To the contrary, said insurance policy was duly canceled by Co-Defendant, First Funding Corporation on June 15, 2001 in accordance with the contractual terms between said Co-Defendant and Plaintiff as appears in Exhibits "B" and "C" to Plaintiff's Complaint which are incorporated herein by reference.

### COUNT I
### BREACH OF CONTRACT
### KHALID JAFAR V. EMPIRE FIRE AND MARINE INSURANCE CO.

5. Answering Defendant incorporates herein by reference her responses appearing in paragraphs 1 through 4 above as if the same were set forth at length hereat.

6-7. Denied as stated. After reasonable investigation, Answering Defendant is without sufficient information or knowledge to determine the truth or falsity of these allegations.

8. Denied as stated. These allegations constitute conclusions of law to which no responsive pleading is required. By way of further denial, Answering Defendant incorporates her responses appearing in paragraph 4 above as if the same were set forth at length hereat.

9-15. Denied as stated. After reasonable investigation, Answering Defendant is without sufficient information or knowledge to determine the truth or falsity of these allegations.

WHEREFORE, Answering Defendant demands judgment in her favor and against the Plaintiff.

### COUNT II
### BREACH OF CONTRACT
### KHALID JAFAR V. B.I.A. INSURANCE

16. Answering Defendant incorporates herein by reference her responses appearing in paragraphs 1 through 15 above as if the same were set forth at length hereat.

17. Admitted and denied. It is admitted that Answering Defendant is engaged in the

business of brokering insurance. It is specifically denied that Answering Defendant has a place of business as alleged. To the contrary, Answering Defendant has a place of business at 31655 Morris Leonard Road, Parsonsburg, Maryland 21849, only.

18. Admitted. By way of further response, Answering Defendant contracted, as Plaintiff's broker, Tri-State General Insurance Agency requesting it place the subject insurance which Tri-State General Insurance Agency placed with Co-Defendant, Empire Fire and Marine Insurance Co.

19. Admitted and denied. It is admitted that Answering Defendant acted as a broker/agent placing insurance coverage for Plaintiff. It is specifically denied that at all relevant times Plaintiff was an insured under the contract of insurance attached to Plaintiff's Complaint as Exhibit "A", and Answering Defendant incorporates herein by reference her responses appearing in paragraph 4 above.

20. Denied as stated. At all relevant times, Answering Defendant was an insurance broker/agent and not an insurance company or indemnitor under any contract between Plaintiff and Answering Defendant for any losses claimed by Plaintiff. By way of further denial, Answering Defendant incorporates each and every Affirmative Defense appearing infra.

WHEREFORE, Answering Defendant demands judgment in her favor and against Plaintiff.

### COUNT III
### BREACH OF CONTRACT
### KHALID JAFAR v. FIRST INSURANCE FUNDING CORPORATION

21. Answering Defendant incorporates herein by reference her responses appearing in paragraphs 1 through 20 above as if the same were set forth at length hereat.

22-28. These allegations are directed to a Defendant other than Answering Defendant who need not respond thereto. To the extent a responsive answer is deemed necessary, these allegations are denied as conclusions of law, and, after reasonable investigation, Answering

Defendant is without sufficient information or knowledge to determine the truth or falsity of these allegations.

WHEREFORE, Answering Defendant demands judgment in her favor and against Plaintiff.

### COUNT IV
### DETRIMENTAL RELIANCE
### KHALID JAFAR V. FIRST INSURANCE FUNDING CORPORATION

29. Answering Defendant incorporates herein by reference her answers appearing in paragraphs 1 through 28 above as if the same were set forth at length hereat.

30-32. These allegations are directed to a Defendant other than Answering Defendant who need not respond thereto. To the extent a responsive answer is deemed necessary, these allegations are denied as conclusions of law, and, after reasonable investigation, Answering Defendant is without sufficient information or knowledge to determine the truth or falsity of these allegations.

33. Denied as stated. Answering Defendant incorporates herein by reference each and every allegation contained under Affirmative Defenses, infra.

WHEREFORE, Answering Defendant demands judgment in her favor and against Plaintiff.

### AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1

This Court lacks personal jurisdiction over the person of Answering Defendant.

### AFFIRMATIVE DEFENSE NO. 2

This Court lacks subject matter jurisdiction as the amount in controversy does not exceed the jurisdictional amount required by applicable federal statute giving the Court subject matter jurisdiction, and there is not strict diversity among the Plaintiff and Defendants in this case.

### AFFIRMATIVE DEFENSE NO. 3

This Court is not the appropriate venue for this case.

### AFFIRMATIVE DEFENSE NO. 4

Plaintiff has not effected sufficient service of process in this case.

### AFFIRMATIVE DEFENSE NO. 5

Plaintiff's Complaint fails to state a cognizable claim upon which relief can be granted under the substantive law of the Commonwealth of Pennsylvania, Maryland or applicable substantive federal law.

### AFFIRMATIVE DEFENSE NO. 6

Answering Defendant is not authorized to engage in the business of insurance in the Commonwealth of Pennsylvania nor any other state in the United States and is not so engaged in such business in Pennsylvania or any other jurisdiction within the United States.

### AFFIRMATIVE DEFENSE NO. 7

All damages incurred by Plaintiff, if any, were caused by others over whom Answering Defendant had no control.

### AFFIRMATIVE DEFENSE NO. 8

Plaintiff's cause of action against Answering Defendant is barred, inasmuch as Answering Defendant had no contractual duty or other duty to Plaintiff as an insurer or indemnitor for personal injuries or property damage.

### AFFIRMATIVE DEFENSE NO. 9

Plaintiff's cause of action against Answering Defendant is barred due to the expiration of the applicable statute of limitations.

### AFFIRMATIVE DEFENSE NO. 10

Plaintiff's cause of action against Answering Defendant is barred due to the comparative

and/or contributory negligence of Plaintiff.

## **AFFIRMATIVE DEFENSE NO. 11**

Plaintiff's cause of action against Answering Defendant is barred due to the applicability of the doctrine of assumption of the risk.

Respectfully submitted,

O'Malley, Harris, Durkin & Perry, P.C.
Attorneys for Defendant, B.I.A. Insurance


By:_____
     Richard K. Hodges, Esquire
     I.D. No.: 34869

345 Wyoming Avenue
Scranton, PA 18503
(570) 348-3711